IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Mohammed Sharma, | No. CV-09-1139-PHX-ROS (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| State of Arizona, et. al, | |
| Respondents. | |

Petitioner has filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (docket # 8) Respondents have filed an Answer, docket # 14, to which Petitioner has not replied and the deadline has passed. Respondents assert that the Petition should be dismissed as untimely. Alternatively, Respondents assert that all of Petitioner's claims should be denied as procedurally barred. As discussed below, the Court finds the Petition untimely and that all of Petitioner's claims are procedurally barred from federal habeas review.

**I. Background**

**A. Charges, Plea, and Sentencing**

On July 19, 2005, the State of Arizona filed an indictment in the Maricopa County Superior Court charging Petitioner with one count of fraudulent schemes and artifices, a class 2 felony (Count 1), and three counts of forgery, class 4 felonies (Counts 2, 3, and 4). (Respondents' Exh. A) On February 17, 2006, Petitioner entered into a plea agreement pursuant to which he pled guilty to Count 1 of the indictment. (Respondents' Exh. B) The

agreement provided that Petitioner would plead guilty to Count 1; be placed on supervised probation after his release from prison in a different matter, pay up to $ 75,000 in restitution; and that Counts 2, 3, 4, and various prior conviction and release-status allegations would be dismissed. (Respondents' Exh. B at 1-2) During the change-of-plea hearing, the court[1] addressed Petitioner and advised him of the constitutional rights he was foregoing by pleading guilty, and the possible sentence. (Respondents' Exh. C) The court accepted the plea. (*Id.*)

On April 28, 2006, the court entered judgment and placed Petitioner on five years' probation to be served upon his discharge from prison in Maricopa County Superior Court Cause Number CR2005-013208. (Respondents' Exh. D at 1-2) The trial court dismissed Counts 2, 3, and 4, and various sentencing enhancement allegations. (Respondents' Exh. D at 2) The trial court tentatively ordered Petitioner to pay $56,107.10 in restitution to the victim, Fatimah Peer, and set a restitution hearing for July 14, 2006. (Respondents' Exh. D at 2) Petitioner waived his presence at the restitution hearing. (Respondents' Exh. D at 2)

Following a "status conference" regarding restitution, on August 28, 2006, the court ordered that restitution of $ 56,216.37 be paid to Old Republic Title Insurance Company and its agent, Sunstate Title Agency. (Respondents' Exh. E at 2) The court set a hearing for December 8, 2006 to provide Petitioner's counsel an opportunity to confer with Petitioner and determine whether Petitioner objected to the restitution order. (*Id.*) On December 8, 2006, Petitioner's counsel requested a continuance in order to have Petitioner present at the restitution hearing. (Respondents' Exh. F at 1) The court affirmed its prior order, but allowed Petitioner to file objections to the restitution order on or before February 8, 2007. The court stated that, if no objection was filed by February 8, 2007, the court would assume there was no objection to the ordered restitution. (Respondents' Exh. F at 2) No objection was filed.

---

[1] The Honorable Warren J. Granville presided.

### B. Rule 32 "of-right" Proceeding

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4. On May 16, 2006, Petitioner filed a notice of post-conviction relief. (Respondents' Exh. G) Petitioner's appointed counsel subsequently filed a notice stating that he had reviewed the record and could find no claims to raise. Counsel also requested an extension of time for Petitioner to file a *pro se* petition. (Respondents' Exh. H) The court gave Petitioner 45 days from the October 18, 2006 order to file a *pro se* petition. (Respondents' Exh. I) Petitioner did not file a petition and, on January 4, 2007, the court dismissed the proceedings. (Respondents' Exh. J) Petitioner did not seek review of the Superior Court's ruling in the Arizona Court of Appeals.

### C. Second Petition for Post-Conviction Relief

On November 20, 2007, Petitioner filed another notice of post-conviction relief. (Respondents' Exh. K) On April 9, 2008, Petitioner's counsel filed a notice that he had reviewed the record and could find no claims to raise. Counsel requested an extension of time for Petitioner to file a *pro se* petition. (Respondents' Exh. L) The court granted Petitioner 45 days to file a petition. (Respondents' Exh. M) On August 4, 2008, Petitioner filed a *pro se* petition, arguing that he was denied a restitution hearing, and that there was newly-discovered evidence that the victim did not own the property at issue. (Respondents' Exh. N at 3) On November 12, 2008, the court dismissed the post-conviction proceedings. The court found Petitioner's claims time-barred pursuant to Ariz.R.Crim.P. 32.2(a)(3) because they were not raised in the first petition for post-conviction relief, or pursuant to an objection to the restitution order by the December 8, 2006 deadline. (Respondents' Exh. O at 2) Alternatively, the court noted that Petitioner's allegations were factually inaccurate and lacked merit. (Respondents' Exh. O) The trial court dismissed the petition. (*Id.*) Petitioner did not seek appellate review of the trial court's dismissal of the petition.

### D. Other Motions

On May 29, 2009, Petitioner filed a request for an order staying his probationary term and the restitution order. (Respondents' Exh. P) The trial court denied the motion. (Respondents' Exh. Q)

### E. Petition for Writ of Habeas Corpus

On May 28, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (docket # 1) The Court dismissed the petition, and a first amended petition, for procedural reasons. (dockets # 3, # 7) Thereafter, Petitioner filed the pending Second Amended Petition, arguing that his Sixth Amendment right to confrontation was violated and that his plea was coerced. (docket # 8)

Respondents assert that the Petition should be dismissed as untimely. Respondents alternatively argue that Petitioner's claims are procedurally barred. (docket # 14) Petitioner has not filed a reply. As discussed below, the Petition is untimely and should be dismissed on that basis.

## II. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the April 24, 1996 effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became *final by the conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(emphasis added).

### A. "Final by Conclusion of Direct Review"

To assess the timeliness of the Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Significant to that determination is that, by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4. For an Arizona non-capital defendant who pleads guilty, such as Petitioner, the conviction becomes "final" at the conclusion of the "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (concluding that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1).") Because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711. Here, Petitioner pleaded guilty and was sentenced on April 28, 2006. Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a) (stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.")

Petitioner filed a timely notice of Rule-32 review on May 16, 2006. On January 4, 2007, the trial court dismissed the Rule 32 of-right proceeding. After the trial court dismissed Petitioner's Rule 32 of-right proceeding, Petitioner had thirty days within which to petition the appellate court for review. Ariz.R.Crim.P. 32.9(c). Petitioner did not seek appellate review of the trial court's order dismissing his Rule 32 of-right proceeding. (docket # 8) Accordingly, his conviction became final on February 3, 2007, when the time for

seeking review of the denial of his Rule 32 of-right petition expired. *Summers*, 481 F.3d at 711.

Thus, the AEPDA limitations began to run on February 3, 2007 and concluded a year later on February 3, 2008. Petitioner did not file his § 2254 petition until May 28, 2009, after expiration of the one-year limitations period. (docket # 1) Accordingly, absent tolling, it is untimely.

### B. Tolling the Limitations Period

### 1. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2) (the AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (stating that "in Arizona, post-conviction 'proceedings begin with the filing of the Notice'. . . . Thus, where notice is *filed in conformity with* the pertinent Arizona statutory provisions and contains a specific prayer for relief in the form of a request for a new trial, 'it is sufficient to toll the AEDPA statute of limitations.'") (emphasis added); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, *through proper use* of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.") (emphasis added).

As previously stated, the AEDPA limitations period commenced on February 3, 2007 upon the conclusion of Petitioner's Rule 32-of right proceeding. Petitioner filed a second notice of post-conviction relief on November 20, 2007. However, this notice did not toll the limitations period because it was not properly filed. *See Pace*, 544 U.S. at 414. In the order dismissing the post-conviction proceeding, the court found that the claims were untimely

and that they should have been raised in the first post-conviction proceeding. (Respondents' Exh. O at 2) (citing Ariz.R.Crim.P. 32.2(a) which provides that a defendant is precluded from raising claims that could have been raised on direct appeal or in any previous collateral proceeding). *See also State v. Curtis,* 185 Ariz. 112, 113, 912 P.2d 1341, 1342 (App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal). The trial court's alternative ruling addressing the merits of Petitioner's claims did not vitiate the untimeliness finding. *Bonner v. Carey*, 425 F.3d 1145, 1148-49 n. 19 (9th Cir. 2005); *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (stating that the state court's alternative ruling denying the petition on the merits did not made the petition timely).

Petitioner did not file his pending § 2254 petition until May 28, 2009, over a year after the AEDPA limitations period expired. Accordingly, the Petition is untimely absent equitable tolling.

**2. Equitable Tolling**

The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009); *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also*, *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's

- 7 -

lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980); *see Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel."). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstances and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (stating that the "prisoner must show that the extraordinary circumstances were the cause of his untimeliness.").

No circumstances in this case support a finding that Petitioner pursued his rights diligently. Petitioner was given 45 days to file a *pro se* petition during his Rule 32 of-right proceeding. After waiting over 70 days, the court dismissed the Rule 32 of-right proceedings based on Petitioner's failure to file a petition. Petitioner allowed nearly a year to pass between the conclusion of his Rule-32 of-right proceeding and the filing of his next Rule 32 proceeding. The second Rule 32 proceeding was dismissed as untimely. Petitioner then waited an additional six months to file a federal petition for writ of habeas corpus. This is not a case where Petitioner has been diligently pursuing his rights. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that equitable tolling only applies "where 'external forces, rather than a petitioner's lack of diligence account for the failure to file a timely claim.").

Additionally, Petitioner has not offered any extraordinary circumstances which prevented him from filing a timely petition for writ of habeas corpus. *Pace*, 544 U.S. at 418.

- 8 -

Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, No. 1:06-cv-00808-AWI-TAG HC, 2008 WL 928252, * 4 (E.D.Cal. April 4, 2008). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling); *Marsh*, 223 F.3d at 1220 (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling). Likewise, Petitioner's lack of legal assistance is not an extraordinary circumstance. *See Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927, * 5 (D.Ariz., February 26, 2007) (noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances) (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling.").

1 | Petitioner has failed to present any circumstances that would justify equitably tolling the AEDPA statute of limitations. Accordingly, his § 2254 Petition should be denied as untimely.

**III. Procedural Bar**

In the alternative, even if the Petition were timely filed, as Respondents argue, all of Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review.

**A. Relevant Legal Principles**

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.") In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or on post-conviction review. *See Crowell v. Knowles,* 483 F.Supp.2d 925 (D.Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Swoopes*, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of

- 10 -

appellate review] does not include discretionary review before the Arizona Supreme Court.")

To fairly present a claim, a habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when

- 11 -

the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz.R.Crim.P. 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### B. Application of Law to Petitioner's Claims

Respondents assert that Petitioner did not properly exhaust any of his claims because he never presented any of his claims to the Arizona Court of Appeals. (docket # 14) A petitioner satisfies the exhaustion requirement by fairly presenting a federal claim to the appropriate state courts in the proper manner. *Vasquez v. Hillery,* 474 U.S. 254, 257 (1986)

The record reflects that, following the denial of both of his post-conviction proceedings, Petitioner did not seek review by the Arizona Court of Appeals as provided for in Ariz.R.Crim.P. 32.9(c). *See* Ariz.R.Crim.P. Rule 32.9(c) (stating that "within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court.").

### C. Procedural Bar

Petitioner's claims are technically exhausted and procedurally barred, because a return to state court to present his claims would be futile as they are procedurally barred under Arizona law. Petitioner is time-barred from raising these claims in a successive petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.")

Additionally, under Rule 32.2(a) of the Arizona Rules of Criminal Procedure, a defendant is precluded from raising claims that could have been raised on direct appeal or in any previous collateral proceeding. *See State v. Curtis,* 185 Ariz. 112, 113, 912 P.2d 1341,

1342 (App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal).

Because Petitioner claims are procedurally defaulted, they are barred from federal habeas corpus review absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." To establish "cause", a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray,* 477 U.S. at 488-492. The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* Prejudice is actual harm that results from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986).

Petitioner offers no arguments to overcome the procedural bar. Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his claims to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Additionally, Petitioner has failed to show that failure to consider his defaulted claims will result in a fundamental miscarriage of justice. A federal court will only review a procedurally defaulted habeas claim on the merits if petitioner demonstrates that failure to

consider the merits of the claim will result in a "fundamental miscarriage of justice." A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298 (1995). The fundamental miscarriage of justice exception applies to a "narrow class of cases" in which a petitioner makes an extraordinary showing that an innocent person was probably convicted because of a constitutional violation. *Schlup v. Delo,* 513 U.S. 298, 231 (1995). Petitioner has the burden of demonstrating that a "constitutional violation has resulted in the conviction of one who is actually innocent." *Id.* at 327. To establish requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. New evidence presented in support of a fundamental miscarriage of justice claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 324, *see also, House v. Bell,* 547 U.S. 518 (2006) (stating that a fundamental miscarriage of justice contention must involve evidence that the trial jury did not have before it).

Petitioner has not offered any new evidence, or asserted that, in light of any newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

Because Petitioner has not established any basis to excuse his procedural default, his claims are barred from federal habeas corpus review and the Court need not consider the merits of those claims.

**IV. Conclusion**

In summary, because the Second Amended Petition is untimely and Petitioner has not established any basis for tolling the AEDPA limitations period, the Petition should be denied. Alternatively, the Second Amended Petition should be denied because the claims raised in the petition are procedurally defaulted and barred from federal review.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus (docket # 8) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **fourteen (14) days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have **seven days** within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 28th day of December, 2009.

Lawrence O. Anderson
United States Magistrate Judge